# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

UNITED STATES OF AMERICA,

           Plaintiff,      :      Case No. 2:23-cr-00194
                                                 Civil Case No.  2:25-cv-01440

                                                 Chief Judge Sarah D. Morrison
- vs -                                       Magistrate Judge Michael R. Merz

ELEWIS HOBBS,

           Defendant.      :

## REPORT AND RECOMMENDATIONS

This is a proceeding under 28 U.S.C. § 2255, brought *pro se* by Defendant Elewis Hobbs to obtain relief from his convictions under 18 U.S.C. §§ 922(g)(1) and 924(a)(8)(Motion to Vacate, ECF No. 45, PageID 206).  Chief District Judge Morrison, who presided over this case and imposed the sentence Hobbs is now serving, has referred to § 2255 proceeding to the undersigned for a report and recommendations (ECF No. 46).

The Motion to Vacate is before the Court for initial review pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings which provides:

> The judge who receives the motion must promptly examine it.  If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.  If the motion is not dismissed, the judge must order the United States to file an answer, motion, or other

      response within a fixed time, or take other action the judge may order.

Upon initial review, it appears the Defendant is not entitled to relief because the Motion to Vacate does not state a claim upon which relief under § 2255 may be granted and he has waived his right to file a motion to vacate.

**Litigation History**

Hobbs was indicted October 3, 2023 (Indictment, ECF No. 2).  He was charged in Count One with being in possession of a firearm (to wit a Bryco Arms-manufactured, model Jennings Nine, semi-automatic, 9mm pistol with a serial number of 1461736) which had been shipped and transported in interstate and foreign commerce and "knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year."  This conduct was alleged to have been in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).

In Count Two Hobbs was charged with violating the same statutes but in relation to a different firearm to wit a "Taurus-manufactured, model G2C, semi-automatic, 9mm pistol with a serial number of ACG004602."

On March 6, 2024, Hobbs entered into a Plea Agreement with the United States under which he was to plead guilty to Count One with Count Two being dismissed (ECF No. 22).  On March 26, 2024, the Court conducted a plea colloquy in accordance with Fed. R. Crim. P. 11 (Minute Entry, ECF No. 24).  Apart from the colloquy, Hobbs wrote to the Court accepting responsibility for his crime (Letter, ECF No. 25).  On September 17, 2024, Hobbs was sentenced

to forty-eight months imprisonment on Count One; Count Two was dismissed as agreed (ECF No. 41, 42). Hobbs took no appeal; he had waived his right to appeal as part of the Plea Agreement.

**Failure to State a Claim**

Defendant states his claim as "Right to Bear Arms" and asserts "Trump passed a gun law in April. I sold the guns. I wasn't committing no crimes." (Motion to Vacate, ECF No. 43, PageID 209).

A prisoner seeking relief under 28 U.S.C. § 2255 must allege either "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid" *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *Nichols v. United States,* 563 F.3d 240, 250 (6th Cir. 2009). In other words, to warrant relief under § 2255, a prisoner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect of influence on the guilty plea or the jury's verdict. *Griffin v. United States*, 330 F.3d 733, 737 (6th Cir. 2006), *citing Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). To obtain relief under 28 U.S.C. § 2255, a defendant must establish the denial of a substantive right or defect in the trial that is inconsistent with the rudimentary demands of fair procedure. *United States v. Timmreck,* 441 U.S. 780 (1979); *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)(*per curiam*). Relief under 28 U.S.C. § 2255 is available when a federal sentence was imposed in violation of the Constitution or laws of the United States or the trial court was without jurisdiction or the sentence is in excess of the maximum sentence allowed by law, or is "otherwise subject to collateral attack." *United States v. Jalili,* 925 F.2d 889, 893 (6th Cir. 1991). Apart from constitutional error, the question is "whether

the claimed error was a 'fundamental defect which inherently results in a complete miscarriage of justice,'" *Davis v. United States*, 417 U.S. 333, 346 (1974), *quoting Hill v. United States*, 368 U.S. 424, 428-429 (1962); see also *Griffin v. United States,* 330 F.3d 733, 736 (6th Cir. 2006). Nonconstitutional claims not raised at trial or on direct appeal are waived for collateral review except where the errors amount to something akin to a denial of due process; mistakes in the application of the sentencing guidelines will rarely, if ever, warrant relief from the consequences of waiver. *Grant v. United States,* 72 F.3d 503, 506 (6th Cir. 1996).

While the Supreme Court of the United States has held that the right to bear arms protected by the Second Amendment is an individual right, it has never held that this right overrides the federal firearms statute under which Hobbs was convicted. *Heller v. Doe*, 509 U.S. 312 (1993). As recently as 2020, the Sixth Circuit upheld a conviction under 922(g)(1). *United States v. Hobbs*[1], 953 F. 3d 853 (6th Cir. 2020).

Contrary to Defendant's assertion, the President did not "pass a gun law" in April 2025. The President of the United States has no authority to pass a law. He does have authority to recommend laws to Congress. In April 2025 President Trump did recommend to Congress changes in federal firearms legislation, but none of them have been enacted and whether they would have any impact on prior convictions is unknown. Hobbs can, of course, apply to the President for a pardon of his offenses, but he has not shown he is entitled to relief under 28 U.S.C. § 2255.

Defendant's Motion to Vacate should be dismissed with prejudice because he has not stated a claim upon which relief can be granted.

---

[1] Defendant in that case was Isaac Hobbs, not the same person as Defendant here.

4

**Waiver**

The Motion to Vacate should also be dismissed with prejudice because Defendant waived his right to file such a motion.

The Plea Agreement contains the following paragraph:

> **Waiver of Appeal:** In exchange for the concessions made by the USAO in this Plea Agreement, the Defendant waives the right to appeal the sentence imposed, except if the sentence imposed exceeds the statutory maximum. **The Defendant also waives the right to attack his conviction or sentence collaterally, such as by way of a motion brought under 28 U.S.C. § 2255**, or to seek a reduction of sentence under 18 U.S.C. § 3582(c)(l)(B) or (c)(2). However, this waiver shall not be construed to bar a claim by the Defendant of ineffective assistance of counsel or prosecutorial misconduct.

(ECF No. 22; emphasis added).

**Conclusion**

Based on the forgoing analysis, the Magistrate Judge respectfully recommends the Motion to Vacate be denied with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Defendant be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

December 19, 2025.

s/ *Michael R. Merz*
United States Magistrate Judge

5

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.